IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-547-D
No. 5:23-CV-586-D

| | |
|---|---|
| CLINTON BRINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BROSNAN RISK CONSULTANTS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On October 8, 2023, Clinton Brinson ("Brinson" or "plaintiff") filed a complaint pro se and in forma pauperis under 28 U.S.C. § 1915 against Brosnan Risk Consultants ("Brosnan" or "defendant") [D.E. 1, 2, 5]. On October 18, 2023, Brinson submitted a complaint [D.E. 1] pro se and filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2] against Brosnan Risk Consultants ("Brosnan" or "defendant"). On October 24, 2023, pursuant to 28 U.S.C. § 636(b)(1), the court referred the motion to proceed in forma pauperis to Magistrate Judge Robert B. Jones, Jr. for a Memorandum and Recommendation ("M&R").

On December 20, 2023, and December 21, 2023, the court consolidated the cases [D.E. 19], [D.E. 7]. On January 30, 2024, Judge Jones issued an M&R recommending that the court grant Brinson's motion to proceed in forma pauperis and allow his claims to proceed. See [D.E. 10] 1, 6. On February 8, 2024, Brinson moved for leave to amend his complaints [D.E. 22], [D.E. 11].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

No party objected to the M&R; therefore, the court reviews for clear error. See Diamond, 416 F.3d at 315. The court has reviewed the M&R and the record. There is no clear error on the face of the record. See id. The court adopts the conclusions in the M&R [D.E. 10].

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. The court reviewed the supporting motions and responses. See [D.E. 22, 23]; [D.E. 11]. Brinson seeks to amend his complaint to allege two additional theories of discrimination under state law. See [D.E. 22]; [D.E. 11]. Brosnan opposes the motion to amend. See [D.E. 23]. Having reviewed the record and the governing law, the court grants Brinson's motions for leave to amend his complaints.

In sum, the court ADOPTS the conclusions in the M&R allowing the case to proceed [D.E. 10], GRANTS plaintiff's motion to proceed in forma pauperis [D.E. 2], and GRANTS plaintiff's

2

motions to amend his complaints [D.E. 22]; [D.E. 11]. Plaintiff SHALL file a single amended complaint not later than April 1, 2024.

SO ORDERED. This 18 day of March, 2024.

JAMES C. DEVER III
United States District Judge